THOMAS M. SHAW *vs.* THOMAS S. PINKHAM AND TRUSTEE.

Aroostook.        Opinion November 15, 1929.

A. S. *Crawford, Jr.*, for plaintiff.
A. J. *Nadeau*,
H. T. *Powers*, for defendant.
N. F. *Stevens*, for trustee.

SITTING: DEASY, C. J., DUNN, STURGIS, FARRINGTON, JJ.

DEASY, C. J.    In this action the plaintiff, Thomas M. Shaw, seeks to recover of the defendant Pinkham the amount of a promissory note payable to the plaintiff, dated May 4, 1926, of which note Cyrille Belanger was the maker and the defendant, Thomas S. Pinkham, the indorser, waiving demand and notice.

About a year after this note matured the maker, Belanger, gave to the plaintiff Shaw a mortgage and note to secure the sum of $24,300.

The defendant Pinkham, learning of this mortgage at the Registry of Deeds, talked with the plaintiff Shaw about it by telephone. The defendant relates this conversation as follows:

"A.  I called Mr. Shaw of Presque Isle on the telephone, and asked him.  I said I understood he had taken that mortgage loan from Cyrille Belanger covering practically everything he had.  And I asked him if Cyrille had met the full amount of debts; and he hesitated for a moment and he then said 'Yes.'

I says 'Does that include the note I endorsed for him?' And he said, 'Yes.' I says, 'Now Mr. Shaw, if that don't you have left out one thing you have not taken in this real estate mortgage and collateral mortgage and I still have time to cover myself and I can take care of the note, and protect myself.' 'No,' he says, 'Your note is taken care of in that mortgage.' "

The verdict was for the defendant. Plaintiff brings the case forward upon motion and upon exceptions to certain rulings of the presiding Justice.

The rulings excepted to are in the bill of exceptions summarized as follows:

(1) If the endorser called the payee and asked him flat "Am I longer holden?" and he answered, "No," then he is no longer holden.

(2) If Mr. Shaw said to Mr. Pinkham "I am looking to other security for the debt and I am not looking to you for the debt," then Mr. Pinkham is not liable.

These instructions given thus unqualifiedly are erroneous. The conversation as related by the defendant is evidence tending to show that the large note was given as a substitute for and as a payment of the note in suit. But whether the note sued was thus paid is a question of fact to be submitted to a jury.

But even if the large note were not a payment of the note in suit the conversation as related by the defendant may be the basis of an equitable estoppel which would be a complete defense.

But no estoppel arises unless the defendant relying upon the plaintiff's representation did or omitted some act to his prejudice, thus "altering his position for the worse," i.e., unless he in reliance upon the representation delayed or omitted to secure payment or security from the principal debtor. *Forsyth* v. *Day*, 46 Me., 176; *Tower* v. *Haslam*, 84 Me., 86.

Whether the defendant relying upon the representation made by the plaintiff delayed or omitted to obtain payment or security is a question for a jury to determine.

The instruction that the mere statements made by the plaintiff as testified to, as a matter of law prevent recovery, can not be sustained.

The defendant argues that the plaintiff having omitted to request further or qualifying instructions "can not now complain

that instructions were not sufficient." This point would be well taken if the instructions were merely incomplete. Not so when instructions are explicit, apparently complete and are erroneous.

The exceptions must be sustained.

It is unnecessary to pass upon the motion.

*Exceptions sustained.*